IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTIAN KINARD,

                Plaintiff,

  v.

LT. MARCZEWSKI, CAPTAIN PETERS,
CAPTAIN BONFIGLIO, CORRECTIONAL OFFICER
FORNEY, CORRECTIONAL OFFICER PRATER,
CORRECTIONAL OFFICER BANKHEAD and
CORRECTIONAL OFFICER DOTSON,

                Defendant.

OPINION and ORDER

24-cv-150-wmc

---

      Plaintiff Christian Kinard, who is representing himself, was granted leave to proceed on a claim that several members of security staff at Columbia Correctional Institution used excessive force on him after a strip search, in violation of the Eighth Amendment. Defendants have filed a motion for summary judgment on the ground that plaintiff did not exhaust his administrative remedies before filing suit. (Dkt. #19.) Because defendants have shown that plaintiff failed to appeal dismissal of his inmate complaint as permitted under the Wisconsin Department of Corrections' grievance procedures, the motion will be granted, and the case will be dismissed.

OPINION

      A plaintiff who is confined in prison and who is challenging prison conditions must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing initial grievance and necessary appeals. *Cannon v. Washington*, 418 F.3d 714,

718 (7th Cir. 2005); *Burrell v. Power*s, 431 F.3d 282, 284-85 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code Ch. DOC 310.  A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days of the challenged incident.  Depending on the complaint examiner's response, a prisoner may appeal immediately or may wait to receive a response from a reviewing authority.  *Id.* § DOC 310.10. If an inmate disagrees with the decision of the reviewing authority, he may appeal to the corrections complaint examiner.  *Id.* § DOC 310.12.  The corrections complaint examiner then recommends a decision to the Secretary of the Department of Corrections, who adopts or rejects the recommendation.  *Id.* § DOC 310.13.

Inmate complaints that allege sexual abuse or sexual harassment follow a slightly different procedure.  If the institution complaint examiner receives a complaint alleging staff sexual misconduct, the institution complaint examiner forwards the complaint to the institution's Prison Rape Elimination Act ("PREA") Compliance Manager to determine if the allegations meet the definition of sexual misconduct under PREA.  Wis. Admin. Code § 310.08.  If the complaint alleges sexual misconduct, a PREA investigation will be opened.  If the PREA Compliance Manager determines the allegations do not meet the definition of sexual misconduct, the complaint is returned to the ICE for investigation and processing under the normal Inmate Complaint Review System procedure.  (DAI Policy 310.00.01 (dkt. #21-3) I.C.4.)

In this lawsuit, plaintiff alleges that on June 28, 2023, after he was restrained, officers yelled and yanked on the tether attached to his wrists, causing him severe pain, and then tased him for no reason. Plaintiff filed one inmate complaint related to his claim: CCI-2023-11233. (Dkt. #21-2 at 7–10.) In the complaint, plaintiff stated that the issue he was complaining about was "staff misconduct by CCI security staff by retaliation on me." (*Id.* at 7.) In the body of his complaint, plaintiff alleged that staff did not give him the "opportunity to conduct a strip-search on [his] own," and instead "forced a sexual assault staff assistant strip-search" on him. (*Id.* at 7.) He further alleged that staff yanked his hands, tased him and left him naked in a cold cell without any medical treatment. (*Id.* at 9.)

The inmate complaint examiner initially referred plaintiff's inmate complaint to the PREA Compliance Manager for investigation, noting that plaintiff "was claiming staff sexual misconduct" in the body of his complaint. (Dkt. #21-2, at 2.) The PREA Compliance Office reviewed plaintiff's complaint, closed it as "non-PREA," and sent it back to the inmate complaint examiner for standard processing. (*Id.*) The inmate complaint examiner then recommended that the complaint be dismissed. (*Id.* at 4.) The warden accepted that recommendation and dismissed the complaint on August 3, 2023, notifying plaintiff that he had the right to appeal the dismissal within 14 days. (*Id.* at 4.) But plaintiff did not appeal the dismissal to the corrections complaint examiner. Nor has plaintiff provided any justification for his failure to appeal, or raised any legal argument that would excuse his failure to appeal. Therefore, because plaintiff did not appeal the dismissal of his inmate complaint, he failed to exhaust his available administrative remedies. *Pozo*, 286 F.3d at 1025.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment (dkt. #19) is GRANTED. Plaintiff Christian Kinard's Eighth Amendment claims against defendants are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust his administrative remedies as to those claims before filing suit.

2. Defendants' motions to stay (dkt. ##23, 25) are DENIED as moot.

3. The clerk of court is directed to enter judgment and close this case.

Entered August 19, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge